# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROGELIO UMBERTO COTA-VALENZUELA,<br>*aka Rogelio Cota-Valenzuela,*<br><br>Defendant. | No.  CR 04-00677-2-TUC-FRZ [CRP]<br><br>**SUPPLEMENTAL REPORT AND RECOMMENDATION UPON PLEA OF GUILTY** |

Defendant Cota-Valenzuela entered pleas of guilty to both counts in the indictment. In entering those pleas, Defendant refused to admit the complicity or criminal culpability of Co-Defendant Rosales-Valenzuela. The Government objects to the guilty pleas on both counts of the indictment because Defendant did not admit all of the Government's allegations therein. This Court recommends that the District Judge, after his independent review and consideration, accept Cota-Valenzuela's pleas of guilty.

Count One of the Indictment charges the Defendants with conspiracy to possess with intent to distribute marijuana. The indictment alleges that on February 26, 2004, Defendants "did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons known and unknown to the grand jury, to possess with intent to distribute 1,000 kilograms or more of marijuana..." Count Two charges that both Defendants knowingly and intentionally possessed more than 1,000 kilograms of marijuana, and they intended to distribute it. Defendant Cota-Valenzuela admitted he agreed with another to watch the marijuana and be paid $1,000 for doing so. Cota-Valenzuela admitted to knowingly watching the marijuana at the stash house on the evening of February 25, 2004,

1  and the morning of February 26, 2004. Cota-Valenzuela did not admit to any involvement
2  by Rosales-Valenzuela in this criminal conduct.

3  The Government objects that Defendant must admit all of the material allegations of
4  the indictment or the plea of guilty should not be accepted. The Government asks that the
5  Court refuse to accept Cota-Valenzuela's pleas of guilty, and hold him to stand trial on
6  **FEBRUARY 21, 2006**.

7  The question of whether a guilty plea admits all material facts alleged in the
8  indictment or only the essential elements of the offense necessary to support a conviction,
9  has been resolved in this Circuit in the cases of *United States v. Thomas*, 355 F.3d 1191,
10 1195-1198 (9th Cir. 2004), and *United States v. Cazares*, 121 F.3d 1241, 1246-1248 (9th Cir.
11 1997).
12 Absent a specific admission in the change of plea colloquy before the Court, only the
13 elements necessary to support a conviction are admitted by virtue of a guilty plea. *Id.*

14 In this case, Cota-Valenzuela admitted that he was paid by another, pursuant to an
15 agreement, to watch the marijuana stored at the residence until delivery of the marijuana was
16 made. Those admissions support a conviction under both Count One and Count Two of the
17 Indictment. The allegation that Rosales-Valenzuela was involved is a material fact, but not
18 an essential element to either count. In Count One, Cota-Valenzuela must have an agreement
19 with at least one other person, known or unknown, to commit the offense alleged in Count
20 Two. He admitted as much. Similarly, the Government need not prove that Rosales-
21 Valenzuela intentionally possessed marijuana to convict Cota-Valenzuela on Count Two of
22 the Indictment.

23 Therefore, it is the recommendation of this Court that the District Judge **ACCEPT**
24 Defendant Cota-Valenzuela's pleas of guilty to Counts One and Two of the Indictment.
25 . . . . . . . .
26 . . . . . . . .
27 . . . . . . . .
28 . . . . . . . .

1    The parties have until **8:45 A.M. ON TUESDAY, FEBRUARY 21, 2006**, to file written
2 objections to the Original and the Supplemental Report and Recommendation Upon A Guilty
3 Plea. Any objections should be filed as CR04-00677-TUC-FRZ.

   DATED this 15th day of February, 2006.

_____
**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE